UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLAN M. BROWN,

                Plaintiff,

v.                                                  Case No. 24-cv-587-pp

OFFICER DOBBS, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Allan M. Brown, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants subjected him to unconstitutional conditions of confinement. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On May 21, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $5.33. Dkt. No. 6. The court received that fee on June 11, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Officer Dobbs, Officer Zimmerman and Kenosha County Sheriff's Department/Jail. Dkt. No. 1 at 1. It concerns events that occurred from March 27 to November 10, 2023, while the plaintiff allegedly was a pretrial detainee at the Kenosha County Jail. Id. at 2.

The plaintiff alleges that he was placed on segregation for his "entire stay" at the jail. Id. He alleges that this was "a tactic to keep [him] segregated because of the charges [he] was facing," id. at 2, which included three counts of

3
Case 2:24-cv-00587-PP   Filed 07/08/24   Page 3 of 11   Document 7

"wreckless endagerment [*sic*] to the police of Kenosha," id. at 3. The plaintiff says that he questioned Officer Dobbs, who would tell him that he was placed on "administrative segregation." Id. at 2. The plaintiff says the jail never gave him the opportunity "to reach general population." Id. He says that while he was in segregation, "all [his] rights as an American citizen where [*sic*] violated." Id. This includes being denied a shower for ninety days and being "held in a cell without a working toliet [*sic*]." Id. The plaintiff says that correctional officers Chrome, Wiley, Galavan, Dobbs, Richmond, Gonzalez, Howard and Bagdalah are "[s]ome of the correction officers that kept [him in] unsanitary conditions and denied [him] a shower." Id. at 3.

The plaintiff alleges that "[a]nother incident" occurred on August 21, 2023, when he "was placed in a res[t]raint chair for over 24hrs." Id. The plaintiff says he asked Officer Zimmerman to use the bathroom, but he "was ignored and left in the chair with no other option than to urinate on [him]self several times and sit in it for a whole 24hrs." Id. The plaintiff says that he believes that it was illegal to hold him in Kenosha County "for [his] safety." Id. He opines that the officers "treated [him] this way" because of "the nature of [his] charges." Id. He says the officers "alway[s] wore cameras," so his stay at the jail "should be documented." Id.

The plaintiff seeks $500,000 in "restitution" for mental and physical damages and suggests that "an investigation needs to be conducted on" the jail. Id. He also wants "safer regulations imposed on segregation" at the jail and

"a formal apology from the staff of" the jail "for violating [his] Constitutional rights." Id. at 4.

C. Analysis

The plaintiff says he was a pretrial detainee at the jail from late March to mid-November 2023. The docket from his state court case shows that on March 30, 2023, a jury convicted him on nine criminal counts after a trial. See State v. Brown, https://wcca.wicourts.gov/case.html (Kenosha County Case Number 2021CF1344). But he was not sentenced until November 7, 2023. Id. That means that at the time of the alleged events, he "was neither a pretrial detainee nor a sentenced prisoner." Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009). The Seventh Circuit has found that in such a circumstance, the plaintiff's "status would be analogous to that of a pretrial detainee, meaning that the basis for his § 1983 action . . . [is] the Fourteenth Amendment Due Process Clause." Id. (citing Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977), and Graham v. Connor, 490 U.S. 386, 394 (1989)); see also Anderson v. Gutschenritter, 836 F.2d 346, 348 (7th Cir. 1988) ("The Eighth Amendment . . . is applicable only to those criminals who are serving a sentence."); Bailey v. Andrews, 811 F.2d 366, 373 (7th Cir. 1987) (same).

Given those rulings, the court analyzes the plaintiff's allegations regarding the conditions of his confinement under the Fourteenth Amendment. See Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). Jail officials may violate a detainee's constitutional rights when they respond unreasonably to objectively serious living conditions that deprive the

5

Case 2:24-cv-00587-PP    Filed 07/08/24    Page 5 of 11    Document 7

detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309–10 (7th Cir. 2015). To state a claim regarding the conditions of his confinement, the plaintiff must allege that the conditions are objectively serious; the defendants acted purposefully, knowingly or recklessly with respect to the consequences of their actions; and the defendants' conduct was "objectively unreasonable"—that is, it was not "'rationally related to a legitimate non-punitive governmental purpose'" or was "'excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)).

The plaintiff alleges that for over six months while he was detained at the Kenosha County Jail, he was kept in segregation and in unsanitary conditions. He says staff denied him a shower for three months and housed him in a cell without a working toilet. He says that on one occasion, he was left in a restraint chair for twenty-four hours and not allowed to use the bathroom. He says he urinated on himself multiple times. He suggests he may have been placed in these conditions because he was charged with recklessly endangering Kenosha County officers, and he was in the Kenosha County Jail.

A detainee may not be punished for the crime with which he is charged, though he may be "subject to certain restrictions on his liberty." Rapier v. Harris, 172 F.3d 999, 1002 (7th Cir. 1999) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). The government also may punish a detainee for his own misconduct that occurs while in confinement. Id. at 1003. It is possible that the jail housed the plaintiff in segregation for legitimate reasons, such as officer

6

or institution safety or because of the plaintiff's conduct while in the jail. But the complaint does not say that is what happened. It alleges that the plaintiff was on administrative segregation (not punitive segregation), but that the officers may have been intentionally punishing the plaintiff because of his pending criminal charges. Whether or not the plaintiff's suspicion is correct, it would not be objectively reasonable to deny a detainee a shower for ninety days, leave him in a cell without a working toilet or keep him in a restraint chair without a bathroom break for twenty-four consecutive hours. The court finds that the complaint sufficiently alleges a Fourteenth Amendment claim regarding the conditions of the plaintiff's presentence confinement.

The caption of the complaint names only two responsible officers as defendants—Dobbs and Zimmerman. The body of the complaint alleges that Dobbs told the plaintiff he was on administrative segregation and kept him in unsanitary conditions, and that Zimmerman ignored his requests to be released from the restraint chair to use the bathroom. The court will allow the plaintiff to proceed against these officers. The body of the complaint suggests that several other officers were involved. But the plaintiff mentions these officers only once in the complaint and does not detail their involvement. Because these officers are not named as defendants in the caption, it is not clear whether the plaintiff wants to proceed against them in addition to Dobbs and Zimmerman. The court will not order these other officers to be served with the complaint or order them to respond to it. If he intended to sue the other officers, the plaintiff may amend his complaint to include these other officers,

but if he does so, he must explain how each of them was personally responsible for the alleged misconduct. See Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017) (holding that to establish liability under § 1983, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct").

The complaint also names the Kenosha County Sheriff's Department/Jail as defendants, but the plaintiff cannot proceed against either of these entities. The Kenosha County Jail is not a "suable entity," Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); it is a unit of the Kenosha County Sheriff's Department, which itself is not suable. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The court will dismiss the Sheriff's Department/Jail.

Finally, the plaintiff seeks several forms of relief, including damages, an investigation into the jail and "safer regulations" in the segregation unit at the jail. The law does not entitle the plaintiff to an investigation into the jail or the officer–defendants. See Wright v. Runyan, 774 F. App'x 311, 312 (7th Cir. 2019) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Because the plaintiff no longer is incarcerated at the jail (he now is at Columbia Correctional Institution), he may not seek injunctive relief imposing "safer regulations" in its segregation unit. See Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic

8
Case 2:24-cv-00587-PP   Filed 07/08/24   Page 8 of 11   Document 7

possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains").

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendants Kenosha County Sheriff's Department/Jail are **DISMISSED**.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on Officer Dobbs and Officer Zimmerman at the Kenosha County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Dobbs and Zimmerman to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$344.67** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Columbia Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 8th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**