UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLAN M. BROWN,

                Plaintiff,

v.                                                       Case No. 24-cv-587-pp

OFFICER DOBBS, *et al.*,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 18) AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Allan M. Brown, who is incarcerated and is representing himself, is proceeding under 42 U.S.C. §1983 on Fourteenth Amendment claims against correctional officers from the Kenosha County Sheriff's Department/Jail. The defendants have moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing his complaint. Dkt. No. 18. The plaintiff opposes the motion but has not filed any evidence in support of his opposition. The court accepts the defendants' proposed findings of fact as undisputed, finds that the plaintiff failed to exhaust his administrative remedies, grants the defendants' motion and dismisses this case without prejudice.

**I.**     **Facts**

    A.     <u>Procedural Background</u>

On May 13, 2024, the court received the plaintiff's complaint asserting claims against the jail and two of its officers. Dkt. No. 1. The court screened the

1

Case 2:24-cv-00587-PP    Filed 02/12/25    Page 1 of 13    Document 28

complaint and allowed the plaintiff to proceed on a Fourteenth Amendment claim that the officers subjected him to unconstitutional conditions of confinement while he was a pretrial detainee at the jail. Dkt. No. 7. The court dismissed the jail as a defendant. Id. at 8.

On August 16, 2024, the court issued a scheduling order setting a deadline of October 15, 2024 for the defendants to move for summary judgment on exhaustion grounds (and setting other deadlines). Dkt. No. 16. At the October 15 deadline, the defendants filed the instant motion for summary judgment on exhaustion grounds. Dkt. No. 18. On October 23, 2024, the court issued an order requiring that by November 14, 2024, the plaintiff must respond to the motion. Dkt. No. 22. The court advised the plaintiff:

> The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 20), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. . . . The plaintiff also must respond to the legal arguments in the defendants' brief (Dkt. No. 19) by explaining why he disagrees with those arguments.

Id. at 2 (footnote omitted). The court advised the plaintiff that if he did not respond by November 14, as the court had instructed, the court would "treat the defendants' motion as unopposed, accept all facts the defendants assert as undisputed and decide the motion based on the arguments in the defendants' brief, without any input from the plaintiff. That means the court likely will grant the defendants' motion and dismiss the case." Id.

2

Case 2:24-cv-00587-PP    Filed 02/12/25    Page 2 of 13    Document 28

On October 29, 2024, the court received the plaintiff's response to the defendants' motion, dkt. no. 23, but it does not comply with the court's local rules or the court's October 23, 2024 order. The plaintiff's response is one page long and it does not address or contest the defendants' proposed findings of fact. See Civil Local Rule 56(b)(2)(B) (E.D. Wis.). The response is not sworn to be true under penalty of perjury, and the plaintiff did not file or attach "any opposing affidavits, declarations, [or] other materials" in support. See id. Rule 56(b)(2)(C). Because the plaintiff's response does not comply with the court's October 23, 2024 order or the court's local rules, the court will deem the defendants' facts admitted and their evidence undisputed. See id. Rule 56(b)(4); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

B.  Factual Background

The plaintiff was a pretrial detainee at the jail during the events alleged in the complaint. Dkt. No. 1 at 2. The plaintiff's complaint alleges that from March 27 through November 10, 2023, he was housed in segregation as punishment for his criminal charges. Id. He claimed he was denied a shower, kept in an unsanitary cell without a working toilet and on one occasion forced to remain in a restraint chair for twenty-four hours without being allowed to use the bathroom. Id. at 2–3.

1.  *The Defendants' Undisputed Facts*

The defendants assert that in 2023, the jail had an established procedure allowing detainees to file grievances and appeals about issues at the

jail. Dkt. No. 20 at ¶1. Under this procedure, a detainee must present a grievance for review within seven days of the occurrence. Id. at ¶2. Jail staff will review and respond to the grievance within an additional seven days. Id. The detainee may appeal an unfavorable response and submit the appeal to the Facility Director within seventy-two hours of receipt of the response. Id.

The defendants submitted an affidavit from Jail Administrator Jason Schroeder. Dkt. No. 21. Schroeder avers that the plaintiff "initially was processed at" the jail on November 2, 2021. Id. at ¶4. During his intake, jail staff informed the plaintiff about facility rules and procedures including the grievance procedure. Id. at ¶5. Schroeder avers that the facility rules also are posted in cell blocks in the jail, and that "a thorough explanation of the inmate grievance and appeal process is also played daily throughout the facilities utilizing a closed-circuit television system." Id. The jail also gives detainees access to an Inmate Handbook through the kiosk system, and printed copies are available on request. Id.

The defendants provided the court a copy of the handbook. Dkt. No. 21-1. The handbook encourages detainees "to attempt to resolve the complaint informally with an officer or applicable staff member." Id. at 9. If an informal grievance is not possible, the handbook instructs detainees that they "have the option of submitting an electronic grievance or complaint by way of the Kiosk/Tablets or in areas without that service, on an 'Inmate Grievance/Appeal Form.'" Id. The Handbook reiterates, "If a Kiosk/Tablet is unavailable or assistance is needed to complete a grievance, written grievances may be

handed directly to your housing unit officer." Id. As Schroeder avers, the handbook states that detainees must submit grievances within seven days of the incident, and a supervisor will review the grievance and respond within seven days. Id. It instructs that a detainee may appeal the "grievance decision to a grievance appeal committee (to include the facility administrator or designee) within 72 hours of receipt." Id. The handbook instructs detainees to "utilize the same Kiosk/Tablet or written process for appeals." Id. at 10. A detainee must "write the basis for their disagreement with the decision," which "shall ensure complete access to appeals/administrative remedies." Id.

Jail Administrator Schroeder avers that the jail has procedures in place for "accepting, responding to and maintaining documents relating to grievances and appeals submitted by inmates during their incarceration." Dkt. No. 21 at ¶7. He says—as does the handbook—that detainees may submit a grievance electronically using the kiosk or, if the kiosk is not available, may submit a paper grievance. Id. at ¶8. He avers that correctional officers will accept paper grievances, "document his or her name and the time the grievance or appeal was received" and list the officer assigned to respond to the grievance on the form. Id. Schroeder says that in 2023, the jail maintained copies of all detainee grievances and appeals in their "inmate file" and in a separate "electronic jail management system." Id. at ¶9. Staff enters paper grievances into the jail management system, which also contains supervisor responses. Id. Schroeder avers that "there is a system in place to provide an inmate with the response to the grievance and any appeal filed." Id.

The defendants aver that on April 25, 2023, the plaintiff filed one grievance about being housed in segregation. Dkt. No. 20 at ¶11; Dkt. No. 21-2. This grievance is on a form labeled "Inmate Grievance Form," and it lists the plaintiff's name, the date of the occurrence (April 25, 2023) and the plaintiff's identification number and dorm (X-19). Dkt. No. 21-2 at 1. The grievance complains that the plaintiff had "been in segregation since" he had been at the jail, but that he had "been given no reason why." Id. He said that he "want[ed] out of seg" and "want[ed] to know why [he had] been held in segregation." Id. He asserted that he was "being held illegally here at [the jail]." Id. Officer Dobbs responded to the grievance on April 29, 2023. Id. at 2. He informed the plaintiff that he was "on administrative segregation and [would] remain on administrative segregation at this time" because he was "currently on a Mental Health watch." Id. He explained that because the plaintiff was on mental health watch, he was "not eligible to go to general population." Id. Dobbs said that the plaintiff remained "able to use the phone and get items from [the] commissary." Id. Dobbs deemed the grievance unfounded and informed the plaintiff that he could appeal within seventy-two hours. Id.

Jail Administrator Schroeder avers that the plaintiff did not appeal this grievance. Dkt. No. 21 at ¶11. He says that between March and November 2023, the plaintiff did not file any grievance or appeal about unsanitary conditions in his housing, placement in a restraint chair or being unable to use the bathroom while in a restraint chair. Id. at ¶¶12–13. He says that the plaintiff filed other grievances in 2023 about "other issues including several

grievances regarding medical care, not being given property from another facility, and issues with his meal portions." Id. The defendants did not attach or otherwise provide these other grievances.

        2.    *The Plaintiff's Response*

As the court has mentioned, the plaintiff did not oppose the defendants' proposed findings of facts and did not submit his own proposed facts or any evidence in support of his opposition. His unsworn response says that he "was stripped all [his] ways [*sic*] to complete any paperwork or record of [his] mistreatment by Kenosha County Sheriffs while held in Kenosha County Jail." Dkt. No. 23. He says he "was kept on X-Block in KCJ with no access to a kiosk and anytime [he] turned in a grievance and or [*sic*] request slips [he] would never get them back." Id. He says that the forms "just dissapeared [*sic*]," and that his "only action to record any of this was to start this lawsuit from prison." Id. He says that his "mistreatment should be on videotape" and reiterates his belief that the officers mistreated him because "of the case [he] was being held on." Id.

**II.    Discussion**

    A.    <u>Summary Judgment Standard</u>

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a

"material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

B.  Exhaustion

Under the Prison Litigation Reform Act, an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by incarcerated persons "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects incarcerated persons to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889,

893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). "Exhaustion requires an incarcerated person to 'take each of the steps prescribed by the state's administrative rules governing prison grievances.'" Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)). That means that if the plaintiff failed to complete *any step* in the jail's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). If the defendants satisfy that burden, the court must dismiss the unexhausted claims and defendants without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

  C. <u>Analysis</u>

  The undisputed evidence shows that the plaintiff submitted only one grievance related to the claims in this case. Jail staff received this paper grievance on April 25, 2023, responded four days later and explained why the grievance was unfounded. It is undisputed that the plaintiff did not appeal the dismissal of this grievance and did not file any other grievances related to the allegations in his complaint. As the court explained above, the court strictly interprets the requirements for exhaustion under §1997e(a). The plaintiff's failure to file an appeal of his denied April 2023 grievance or to file any

9

grievances at all about his other allegations means that he did not exhaust his administrative remedies for his claims. See Pozo, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); see also McDonald v. Gilanyi, Case No. 18-cv-123-pp, 2020 WL 2840171, at *6 (E.D. Wis. June 1, 2020) (concluding that Kenosha County Jail detainee who "did not appeal the disposition of the grievances as required by the jail grievance procedures" failed to exhaust administrative remedies); Kirksey v. Kenosha Cnty. Det. Ctr., Case No. 19-CV-602-JPS, 2020 WL 819274, at *2 (E.D. Wis. Feb. 19, 2020) (same). The undisputed facts show that the plaintiff did not exhaust all available administrative remedies, and his case is subject to dismissal.

The plaintiff's unsworn response does not change the court's conclusion. The plaintiff concedes that he failed to exhaust his administrative remedies. He does not dispute that he was able to submit paper grievances or that he filed numerous grievances while at the jail. He does not dispute that the jail has a system in place to allow detainees to file grievances and appeals or that he failed to appeal the adverse response to his April 2023 grievance. He says only that the grievances he "turned in" disappeared, and that he "would never get them back." Dkt. No. 23. The court suspects that the plaintiff is asserting that he did not receive a *paper version* of the response to his grievances; the responses were logged only electronically, and the plaintiff did not have access to a kiosk or tablet while on administrative segregation. But he has not provided any *evidence*—not even an affidavit or unsworn declaration—

supporting this statement or explaining why he did not appeal the response to his April 2023 grievance or file grievances about the other issues in his complaint. He has provided "nothing but some conclusory statements . . . [in] an unsworn, uncertified statement," which is not admissible evidence on which the court may rely in deciding the defendants' motion. Hall v. Wisconsin, Case No. 18-cv-895-pp, 2020 WL 533749, at *2 (E.D. Wis. Feb. 3, 2020); see Zavala-Alvarez v. Darbar Mgmt., Inc., 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022) ("An unsworn statement that lacks a certification under penalty of perjury has no evidentiary value . . . . From an evidentiary standpoint, it's weightless.").

The defendants' unopposed motion and materials in support show that the plaintiff did not exhaust his administrative remedies before bringing the claims in this lawsuit. The court must dismiss this lawsuit without prejudice and without considering the merits of the plaintiff's claims. See Ford, 362 F.3d at 401; Perez, 182 F.3d at 536 (noting that where the defendants raise the issue of exhaustion, a district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").[1]

## III. Conclusion

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 18.

---

[1] Because the plaintiff did not oppose the defendants' proposed findings of fact, there are no unresolved questions of fact regarding whether the plaintiff exhausted his administrative remedies. That means that the court has "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739. Aguirre v. Witek, Case No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff a "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of February, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**